In the Matter of the Claim of PETER VIOLA, Respondent, against EMPIRE STATE TILE CO., INC., and GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by Empire State Tile Co., Inc., employer, and the General Accident Fire and Life Assurance Corporation, Ltd., insurance carrier, from an award of the State Industrial Board in favor of the claimant. The Board has apportioned the award between Empire State Tile Co., Inc., employer, and its insurance carrier, and the Montauk Tile Co., Inc., employer, and its insurance carrier, State Insurance Fund. There is ample testimony to sustain the decision of the State Industrial Board, and the award should be affirmed. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of Mrs. JAMES FASULO and Another, Respondents, against DENNING'S POINT BRICK WORKS and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— An award has been made to a dependent father and mother of a deceased employee who died as the result of an assault committed upon him by Baker, a coemployee. The latter has been convicted of murder, second degree. The evidence sustains the finding that the altercation arose out of and in the course of the employment and that the convict Baker was the aggressor. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of FRANK HAMILTON, Respondent, against LANDAU AMUSEMENT CORP. and MUTUAL CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant, a billposter, was in the employ of a theatre corporation. He was an employee and not an independent contractor. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss and Schenck, JJ., concur; Crapser and Foster, JJ., dissent and vote to reverse the award and dismiss the claim on the ground that the claimant was an independent contractor.

In the Matter of the Claim of RUBY GRAF, Respondent, against NIELS IVERSON LUMBER Co. and LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award for death benefits made to the widow of a deceased employee. Decedent was employed as a foreman. The accident occurred while he was driving his own truck en route to a construction job. Appellants contend that he was not engaged in the course of his employment at the time. There is evidence to sustain a finding that when decedent met his death he was not only using his truck to get to the job in question, but also that he was carrying therein materials for the use and benefit of his employer and as a part of his duties. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of CHARLES H. FLEUR, Respondent, against PILGRIM KNITWEAR, INC., and UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The deceased employee was a traveling salesman. He was injured while returning from Bridgeport to his home in Brooklyn. There is evidence that he went to Bridgeport intending to meet a customer. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.