■ In the Matter of the Claim of FRED SCHNECK, Respondent, against PIEL'S BREWERY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellants appeal from decision of Workmen's Compensation Board which found that injuries of claimant arose out of and in the course of his employment. The claimant was employed as a truck driver and on April 5, 1956, while delivering and picking up beer cases on an assigned route, had an argument with his helper over the manner in which the empty cases were loaded on the truck. While standing near the truck after the last pickup, the claimant struck the helper and upon entering the truck, he again struck him. As the result of this, it was agreed they would go to a quiet spot in a park some blocks away and settle the matter by a fist fight. Accordingly, they went to the agreed arena. There is a variance in the testimony as to what happened thereafter. The claimant testified that he alighted from the truck and started across the street, followed by his helper, when a third and unknown man rushed up to the helper and without warning or provocation struck and knocked him to the ground; that the claimant asked what was the matter and the man responded " I am an officer." The claimant further related that thereafter the helper got up; that the man reiterated he was an officer, took out his gun and shot the claimant. The helper testified that this man rushed up and knocked him down and that when he arose, although he heard no shot, he found the claimant wounded. The man mentioned by the claimant and his helper was identified as a police officer off duty and out of uniform by the name of Sullivan. He testified that his attention was attracted to the scene by loud noises and the hollering of both men who started fighting in the street and then started to the park; that he intervened and told them to break it up, identifying himself as a policeman. He stated the two men then joined together and attacked him; that in the course of trying to protect himself, he took out his gun and in the ensuing commotion, the gun discharged and wounded the claimant. His testimony was substantiated by disinterested witnesses. The board found, with one member dissenting, that the claimant and his helper did not recognize the third party as a policeman, continued to fight and that the police officer thereupon shot claimant. It further found that the quarrel arose out of employment and the injury was a direct result of a work-connected quarrel. The development of the Workmen's Compensation Law has resulted in a great many assault cases, both awarding and denying compensation to claimants. In 1949 this court in *Matter of Ramos* v. *Taxi Tr. Co.* (276 App. Div. 101, affd. 301 N. Y. 749) discussed the evolution of assault cases as of that time. Larson's Workmen's Compensation Law considers in detail this question. (See vol. 1, § 11, p. 109.) More recently in *Matter of Cutie* v. *Doge Co.* (1 A D 2d 857) claimant was awarded compensation for injuries resulting from the forming of a picket line at the place of employment. Compensation was denied where the assault by a fellow employee resulted from a personal stake-holding incident. (*Matter of Pecoraro* v. *Russell-Miller Milling Co.*, 9 A D 2d 992.) In the present case, in making the award the board relied upon *Matter of Fasulo* v. *Dennings Point Brick Works* (262 App. Div. 787) but that case involved fellow employees without the intervention of a third party and the award was sustained. One of the reasons for sustaining the award was that Baker and not the claimant was the aggressor. The facts in this case go beyond the question of aggression. While it would appear, although we do not decide, that the fight initially was instigated by the claimant, thereafter both employees entered the truck and

purposely and intentionally drove some distance to where they expected to find a quiet spot to settle their personal differences. This suggests time for a "cooling-off period" as defined by Larson. While they were either in the act or preparing for settlement of their differences, the scene they created was sufficient to attract the attention of several people, including the off-duty policeman who, in the exercise of his duty, attempted to prevent the disturbance and in the act of which claimant was injured. Such sequence of events goes considerably beyond the original cause of their trouble which might be associated with their employment. While we recognize that the board is the determiner of the facts, we likewise recognize that in our review there must be substantial evidence to sustain such facts. If it might be concluded that the original argument arose out of employment, there is no basis in the record for the further finding "the injury was the direct result of a work-connected quarrel" and we are unable to find substantial evidence to sustain that finding of the board. Decision and award reversed and claim dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.